**Peter J. RIGA and Michael Easton, Appellants,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

**No. 01–06–00239–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 10, 2007.

Michael Easton, Susan C. Norman, Houston, TX, for Appellant.

Dudley P. McClellan, Office of the General Counsel, Linda A. Acevedo, Commission for Lawyer Discipline, Austin, Pamela S. Halliburton, Assistant Disciplinary Counsel, Houston, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

In this interlocutory appeal, the district court granted a plea to the jurisdiction and held that, in a disciplinary action against a lawyer, the district court has no subject-matter jurisdiction over issues and parties not contemplated by the Texas Rules of Disciplinary Procedure. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2006) (allowing interlocutory appeal). The district court's March 1, 2006 order dismissed all other parties to the disciplinary action other than appellee, the Commission for Lawyer Discipline, and appellant Peter J. Riga. Appellants Michael Easton and Riga appeal. We reverse.

### Background

The Commission brought a disciplinary action against Riga, alleging that Riga violated provisions of the Texas Disciplinary Rules of Professional Conduct and that Riga assisted Easton, his legal assistant, in the unauthorized practice of law. Pursuant to Texas Rule of Disciplinary Procedure 3.02, the supreme court appointed the Honorable Craig Fowler, judge of the 255th District Court of Dallas County, to preside over the disciplinary action. Easton filed a plea in intervention, bringing claims against Pamela Halliburton, the Commission's lawyer, and Suzanne Ross, a member of one of the State Bar's grievance committees. Riga filed counterclaims against the State Bar of Texas, the Commission, and Halliburton, seeking mone-

tary damages under title 42, United States Code, section 1983 and sanctions under state law. Easton later filed a motion to recuse Judge Fowler.

The State Bar, the Commission, Halliburton, and Ross filed a plea to the jurisdiction in which they argued (1) that Judge Fowler's appointment order did not authorize him to preside over any parties or claims other than the disciplinary action brought by the Commission against Riga and (2) that the district court lacked subject-matter jurisdiction over parties and claims outside the disciplinary action. Before taking action on the motion to recuse, Judge Fowler granted the plea to the jurisdiction on May 25, 2005. That order was not appealed.

In November 2005, Judge Fowler referred Easton's motion to recuse to the presiding judge of the administrative judicial region, who later denied the motion. Acting in "an abundance of caution" after the denial of the motion to recuse, the State Bar, the Commission, Halliburton, and Ross asked the district court to reconsider its plea to the jurisdiction. Before the district court signed a second order on March 1, 2006 granting the plea to the jurisdiction, Riga and Easton on February 20, 2006 filed another motion to recuse Judge Fowler. The district court's March 1, 2006 order does not mention the pending recusal motion, but in a separate order on March 1, 2006, the district court referred the recusal motion to the presiding judge of the administrative judicial region. The record does not reflect the ultimate disposition of the recusal motion.

## Discussion

█ Riga and Easton bring two issues. The first challenges the district court's action in ruling on the plea to the jurisdiction while the recusal motion was pending. The second challenges the merits of the order, in which Riga and Easton argue that the district court as a court of general jurisdiction had subject-matter jurisdiction over the matters concerning the other parties and claims.[1]

The record establishes that Judge Fowler was aware that a second motion to recuse was pending when he signed the March 1, 2006 order granting the plea to the jurisdiction. Texas Rule of Civil Procedure 18a(c) requires a judge who declines to recuse to forward the recusal motion to the presiding judge of the administrative judicial region.[2] Judge Fowler did this. However, Rule 186a(c) further requires that the trial judge may make no further orders and take no further action prior to a hearing on the forwarded motion. The only exception provided by the Rule is if the further order states good cause for ruling notwithstanding the pending recusal motion. Here, the order granting the plea to the jurisdiction does not refer in any way to the pending recusal

---

1. Riga and Easton draw a distinction between whether the district court has subject-matter jurisdiction to hear the matters concerning the other parties and claims, as opposed to whether it would be error for the district court to litigate those matters in a disciplinary action.

2. Texas Rule of Civil Procedure 18a refers to the presiding judge of the administrative judicial *district*, rather than the administrative judicial *region*. The legislature created administrative judicial regions. Tex. Gov't Code

Ann. § 74.042 (Vernon 2005). The term "administrative judicial region" is used in the Rules of Judicial Administration, Texas Rule of Civil Procedure 3a, and Texas Parental Notification Rule 2.2(d). The term "administrative judicial district" is used in Texas Rule of Civil Procedure 18a, Rule of Disciplinary Procedure 3.02, and Standards and Rules for Certification of Certified Shorthand Reporters section IV(O). The difference in terms is immaterial.

motion, much less state good cause for why the order was signed when the recusal motion was pending. Accordingly, the March 1, 2006 order is "void" because it was signed in violation of Rule 18a. *See Hudson v. Tex. Children's Hosp.*, 177 S.W.3d 232, 236–37 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

■ The Commission argues that, even if Judge Fowler erroneously signed the March 1, 2006 order, the dismissal was proper on the grounds of governmental immunity. This argument was not raised in the plea to the jurisdiction, and we decline to address it before this ground is presented to the trial court. Accordingly, we sustain issue one. We do not reach issue two, concerning the scope of the district court's jurisdiction over matters not directly related to the Commission's disciplinary action against Riga.

### Conclusion

We reverse the March 1, 2006 order granting the plea to the jurisdiction. We do not render an order in its place because the trial court should not have taken action until the forwarded recusal motion was heard pursuant to Texas Rule of Civil Procedure 18a(d). The Clerk of this Court is directed to issue the mandate immediately. *See* Tex.R.App. P. 18.6. This opinion is to be published in the official reporter system pursuant to Texas Rule of Disciplinary Procedure 6.06.