**In re Ceole N. STEARMAN.**

**No. 10–08–00091–CV.**

Court of Appeals of Texas,
Waco.

April 30, 2008.

J. Randal Bays, Attorney At Law, Conroe, TX, for Appellant/Relator.

John H. Jackson, Corsicana, TX, for Appellee/Respondent.

Kerri K. Anderson-Donica, Attorney At Law, Corsicana, TX, for Real Party In Interest.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Ceole N. Stearman seeks a writ of mandamus compelling Respondent, the Honorable John H. Jackson, Judge of the 13th District Court of Navarro County, to vacate a Stay and Restraining Order he issued while a recusal motion was pending against him. We will conditionally grant the relief requested.

### Background

The underlying proceeding before Respondent is a divorce suit filed by the real party in interest, Justin Stearman, in December 2007. Ceole filed her own petition for divorce in the County Court at Law of Walker County in February 2008. Because the Stearmans' child was born in Walker County on February 2, 2008, Ceole contends that Walker County has exclusive jurisdiction of the divorce because it is the child's only place of residence.

Ceole answered the Navarro County suit with a Motion to Quash Citation, Motion to Transfer Venue, Original Answer, and Motion to Dismiss. Among other things, Ceole sought to quash the citation contending that it was invalid because she was served on Sunday, and she sought transfer of venue based on her contention that venue is proper in Walker County because it is the child's principal residence.

Respondent set a hearing for temporary orders on February 25. The Walker County court set a hearing for temporary orders on March 18. The February 25 hearing was rescheduled without notice to Ceole, who was re-served with citation on that date when she appeared for the hearing. On that date, Ceole's counsel observed Justin's counsel sitting on the bench as an associate judge for Respondent and hearing other cases on Respondent's docket.

Ceole filed a motion to recuse Respondent three days later, citing in particular Canon 6(D)(2) of the Code of Judicial Conduct which provides in pertinent part that a "[p]art-time commissioner, master, magistrate, or referee" "should not practice law in the court which he or she serves." TEX.CODE JUD. CONDUCT, Canon 6(D)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 2005). Ceole argued in this recusal motion that Respondent should recuse himself because his impartiality might reasonably be questioned because of the dual roles played by Justin's counsel. *See* TEX.R. CIV. P. 18b(2)(a).

Justin responded by filing an Application for a Stay and Restraining Order. By this application, Justin asked that Respondent issue an ex parte stay and restraining order: (1) staying all further proceedings in Walker County (including the upcoming hearing for temporary orders); and (2) restraining Ceole from obtaining further settings in Walker County or otherwise prosecuting her suit there. Justin prayed that this stay and restraining order remain in effect until the recusal matter was determined "and subsequent determination of jurisdiction in the court of original filing."

Respondent granted Justin's application and issued a stay and restraining order which provides in pertinent part that the Walker County proceedings are "stayed until the *Motion to Recuse* and the issue of [the Navarro County] court's jurisdiction in the above referenced matter can be heard in Navarro County."

Ceole then sought mandamus relief and temporary relief in this Court. The Court granted Ceole's motion for temporary relief and issued an order staying all further proceedings in Navarro County, with the exception of the recusal hearing which had already been set,[1] pending this Court's action on the petition. *See* TEX.R.APP. P. 52.10(b). The Court on its own motion also ordered that all further proceedings in Walker County be stayed pending this Court's action on the petition. *Id.*

## Mandamus Requirements

Generally, mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex.2007) (orig.proceeding); *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex.2006) (orig.proceeding). However, if the order being challenged in a mandamus proceeding is void, the relator need not show that he or she has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (per curiam); *In re Keeling*, 227 S.W.3d 391, 395 (Tex.App.-Waco 2007, orig. proceeding).

## Effect of Recusal Motion

Ceole contends among other things that Respondent's stay and restraining or-

---

1. Respondent declined to recuse himself and forwarded the recusal motion to the presiding judge for his administrative judicial region, who assigned another judge to hear the matter on March 19. *See* TEX.R. CIV. P. 18a(d).

der is void because Respondent issued it while the recusal motion was pending.[2] This contention is governed by Rule of Civil Procedure 18a(d), which provides in pertinent part:

> If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

Tex.R. Civ. P. 18a(d).

Once a recusal motion is filed, a trial judge generally has two options: (1) recuse himself/herself; or (2) forward the motion to the presiding judge and request the assignment of another judge to hear the motion. *See id.* 18a(c), (d); Tex. Gov't Code Ann. § 74.059(c)(3) (Vernon 2005); *In re A.R.,* 236 S.W.3d 460, 477 (Tex.App.-Dallas 2007, no pet.); *In re Norman,* 191 S.W.3d 858, 860 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding). However, the judge may make "further orders" while the recusal motion is pending "for good cause stated in the order." Tex.R. Civ. P. 18a(d).

Our research has disclosed no decisions providing any extensive analysis or discussion regarding the quantum of "good cause" required to be "stated" in an order made after the filing of a recusal motion. Nevertheless, we observe that Rule 18a's good-cause requirement is similar to that of Rule 141, which provides that a trial court "may, for good cause, to be stated on the record" tax costs of court otherwise than provided by law. *Id.* 141. As the Supreme Court has explained, Rule 141 requires a trial court to "state its reasons 'on the record'" for taxing costs against a prevailing party. *Roberts v. Williamson,* 111 S.W.3d 113, 124 (Tex.2003). Or as explained by the Dallas Court, a bare finding "that good cause exists" is not sufficient. *See Dover Elevator Co. v. Servellon,* 812 S.W.2d 366, 367 (Tex.App.-Dallas 1991, no writ). Rather, the trial court must "set[ ] out the basis for that finding." *Id.; accord Guerra v. Perez & Assocs.,* 885 S.W.2d 531, 533 (Tex.App.-El Paso 1994, no writ).

Here, Respondent made the following statements regarding "good cause" in the stay and restraining order:

- "The Court examined the pleadings and affidavit and finds that Petitioner is entitled to a restraining order and a stay, based on the clear existence of good cause to grant such order until the issue or recusal and subsequently, jurisdiction, of this Court may be decided."

- "The Court finds that there is good cause to issue this order."

---

**2.** Ceole also contends: (1) the order is void because it does not satisfy many of the requisites for temporary restraining orders set forth in Rules of Civil Procedure 680 and 683; (2) the order is improper because the application was not supported by Justin's affidavit as required by Rule 682 and counsel's supporting affidavit does not provide sufficient evidentiary support for issuance of a TRO; (3) because of her status as a part-time associate judge for Respondent, Justin's counsel was not authorized to seek further relief in the underlying proceeding until the recusal issue was resolved; (4) Respondent has no authority to enjoin a court of co-extensive jurisdiction; (5) the stay and restraining order is impermissibly overbroad; and (6) the order impermissibly grants, in effect, "the ultimate relief" sought by Justin, namely the determination of which court has jurisdiction to adjudicate the parties' divorce.

Respondent's order does not state any basis for these good-cause findings.

■ Respondent states in his response to the mandamus petition that he "found good cause to grant extraordinary relief," but he does not state what that good cause is. To the extent Respondent's stay and restraining order refers to Justin's application and counsel's supporting affidavit as a basis for good cause, the application asserts that good cause exists because the recusal motion "was filed simply to have the matter heard in Walker County, Texas, prior to this Court being able to have the presiding judge decide if recusal is proper."[3] However, it is not for a trial judge to decide whether an otherwise proper recusal motion is groundless, filed in bad faith, or filed for some other improper purpose. *See Johnson v. Pumjani*, 56 S.W.3d 670, 672–73 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Carson v. McAdams*, 908 S.W.2d 228, 228–29 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding) (per curiam). *But cf. In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex.1998) (orig.proceeding) (recusal issue "can be waived if not raised by proper motion"); *In re Marriage of Samford*, 173 S.W.3d 887, 890 (Tex.App.-Texarkana 2005, pet. denied) (party who fails to follow Rule 18a waives right to complain of judge's failure to recuse); *Spigener v. Wallis*, 80 S.W.3d 174, 180 (Tex.App.-Waco 2002, no pet.) (same).[4]

The stay and restraining order contains only a bare finding of "good cause" without stating the basis for that finding. Thus, Respondent abused his discretion by issuing this order while the recusal motion was pending against him. *See Carson*, 908 S.W.2d at 228–29; *see also Riga v. Comm'n for Lawyer Discipline*, 224 S.W.3d 795, 797–98 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). Because Respondent issued this order while the recusal motion was pending, the order is void.[5] *A.R.*, 236 S.W.3d at 477; *Riga*, 224 S.W.3d at 798; *Johnson*, 56 S.W.3d at 672.

Because the order is void, Ceole is entitled to mandamus relief without showing that she has no adequate remedy by appeal. *Sw. Bell Tel.*, 35 S.W.3d at 605; *Keeling*, 227 S.W.3d at 395. Therefore, we conditionally grant the requested writ. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the stay and restraining order.

(Chief Justice GRAY does not join the Court's opinion or judgment but a separate opinion will not issue. He notes, however, that the opinion does not fairly recite the good cause asserted in the motion and the trial court's reliance on that basis for good cause. As stated by the trial court in his response to the mandamus: "It appears to this Court that Mr. Bays is attempting to exploit the procedural delay obtained by his Motion to Recuse, and thereby manipu-

---

**3.** Counsel's supporting affidavit is less helpful, stating, "I believe that good cause exists for the court to grant the requested relief."

**4.** Ceole's recusal motion is arguably procedurally defective because it was filed less than 10 days before the rescheduled hearing on Justin's request for temporary orders. *See* Tex.R. Civ. P. 18a(a). However, this 10–day requirement is not absolute and does not contemplate the situation (like that presented in Ceole's case) in which a party becomes aware

of a basis for recusal less than 10 days before the trial or hearing is set. *See Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.] 1994, writ denied); *Martin v. State*, 876 S.W.2d 396, 397 (Tex.App.-Fort Worth 1994, no pet.).

**5.** Having found the order void on this basis, we do not reach Ceole's other challenges to the validity of the order.

late these circumstances to his client's advantage.")