

IN THE
TENTH COURT OF APPEALS

_____

No. 10-08-00286-CV

IN RE CLIFFORD ALLEN SMITH

_____

Original Proceeding

_____

# OPINION

Clifford Allen Smith seeks a writ of mandamus compelling Respondent, the Honorable Robyn Flowers, District Clerk of Walker County, to file his notice of appeal and forward the notice to a court of appeals in Houston. We will conditionally grant a portion of the relief requested.

## Background

Smith is seeking to appeal a May 27, 2008 order declaring him to be a vexatious litigant. He mailed a notice of appeal to the Clerk of the First Court of Appeals in Houston on June 9. The clerk of that court stamped Smith's notice of appeal as "received" on June 13. Smith also mailed a letter addressed to a deputy district clerk in Walker County that states in pertinent part, "I am appealing the order issued on May

27." Smith referenced the style and cause number of this case in the letter as well. The deputy district clerk responded by letter dated June 26 that, in view of the trial court's vexatious litigant order, "our office will not be able to file any more documents for you in ANY of the cases that you have on file in our office." The Clerk of the First Court of Appeals returned all of Smith's documents to him on July 14 with a letter advising him, "My records indicate your appeal is not before this court. The records of the county where your case was tried will show which Court was assigned your case. We are returning your documents."

Smith attempted to file a mandamus petition with the First Court of Appeals, which stamped his petition as "received" on July 25. That stamp is scratched out by a handwritten mark. The petition also contains a July 28 file stamp from the Fourteenth Court of Appeals. However, that file stamp is also scratched out. This Court received Smith's mandamus petition and filed it on August 12.

The Court requested a response to Smith's petition by order dated August 21.[1] Neither Respondent nor the real party in interest has filed a response.

## Applicable Law

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex.2007) (orig. proceeding); *In re Stearman*, 252 S.W.3d 113, 115 (Tex. App.—Waco 2008, orig. proceeding). Ordinarily our mandamus jurisdiction

---

[1] Chief Justice Gray did not join the order requesting a response and indicated an intent to issue a dissent at a later date.

extends only to district and county judges in our district. *See* TEX. GOV'T CODE ANN. §

22.221(b) (Vernon 2004); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st

Dist.] 1999, orig. proceeding) (per curiam). However, we also have jurisdiction to issue

a writ of mandamus when "necessary to enforce the jurisdiction of [this] court." TEX.

GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *Washington*, 7 S.W.3d at 182; *see In re Smith*,

263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

Mandamus relief is appropriate when a trial court clerk fails to file and forward a

notice of appeal to the appropriate court of appeals.[2] *See Smith*, 263 S.W.3d at 95-96;

*Washington*, 7 S.W.3d at 182; *see also Aranda v. District Clerk*, 207 S.W.3d 785, 786-87 (Tex.

Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where

district clerk failed to file postconviction habeas application).

> Once a notice of appeal is delivered to the clerk for filing, whether it is timely or untimely, the determination of appellate jurisdiction must be made by the appellate court. Accordingly, the clerk must file and forward to the appropriate appellate court the notice of appeal, as well as any other materials tendered that are integral to a determination of the appellate timetable.

*Smith*, 263 S.W.3d at 95 (citations omitted).

## Analysis

Smith first complains that Respondent refuses to "file" his notice of appeal. This

complaint requires some discussion of what it means to "file" a notice of appeal.

Rule of Appellate Procedure 25.1(a) provides:

---

[2] For civil appeals, Rule of Appellate Procedure 25.1(e) requires the appellant to file a copy of the notice of appeal with the appellate court clerk. TEX. R. APP. P. 25.1(e). By contrast, Rule 25.2(e) requires the trial court clerk to "immediately send" a copy to the appellate court clerk in criminal appeals. *Id.* 25.2(e). Regardless, a failure to file a copy with the appellate court clerk does not deprive the appellate court of jurisdiction in a civil appeal. *Id.* 25.1(b).

An appeal is perfected when a written notice of appeal is filed with the trial court clerk. If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice.

TEX. R. APP. P. 25.1(a).

When a pleading such as a notice of appeal is mailed, that pleading "is considered timely filed" if it: (1) is received within ten days after the filing deadline; (2) was sent to the proper clerk by United States mail in a properly addressed and stamped envelope or wrapper; and (3) was deposited in the mail on or before the filing deadline. *Id.* 9.2(b)(1). And when a pleading is mailed by an inmate, the pleading is considered timely if it is received by prison authorities for mailing on or before the deadline. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam).

As the First Court of Appeals has observed, a document is generally considered to have been "filed" when it is "tendered to the clerk, or otherwise put under the custody or control of the clerk." *Smith*, 263 S.W.3d at 95 (quoting *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam)). A document is considered filed "whether or not a file mark is placed on the instrument." *Id.* (quoting *Warner*, 135 S.W.3d at 684). But the term "filed" has a different meaning when viewed from the perspective of the clerk. The clerk "files" a document by indorsing a file mark on it, recording it in the clerk's file docket, and maintaining the document in the clerk's file for the suit. *See* TEX. R. CIV. P. 24, 25, 26; TEX. GOV'T CODE ANN. § 51.303 (Vernon 2005).

Although Rule 25.1(a) explains that an appeal is perfected by filing the notice of appeal with the trial court clerk, the rule also provides that an appeal is perfected when

the notice of appeal is "mistakenly filed with the appellate court." *See* TEX. R. APP. P. 25.1(a). We assume without deciding that Rule 25.1(a)'s reference to "the appellate court" refers to the appellate court with jurisdiction over the county or district court from which an appeal is taken. *See* TEX. R. APP. P. 9.2(b)(1)(A) (document considered timely filed if "it was sent to the *proper* clerk") (emphasis added).

Here, Smith attempted to file his notice of appeal by mailing it to the First Court of Appeals. This was ineffective to perfect his appeal because Walker County is not within the geographic jurisdiction of the First Court of Appeals.[3] *See* TEX. GOV'T CODE ANN. § 22.201(b) (Vernon Supp. 2008). Rather, Walker County currently lies within the geographic jurisdiction of this Court. *Id.* § 22.201(k) (Vernon Supp. 2008).

But Smith then sent a letter to Respondent stating, "I am appealing the order issued on May 27." Smith referenced the style and cause number of this case in the letter as well. A document is sufficient to perfect an appeal if it "was filed in a bona fide attempt to invoke appellate court jurisdiction." *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam) (quoting *Walker v. Blue Water Garden Apts.*, 776 S.W.2d 578, 581 (Tex. 1989)). Here, Smith's letter plainly stated his intent to appeal and identified the style and cause number of the case. This letter was a sufficient notice of appeal. *See id.*

However, instead of filing Smith's notice of appeal and forwarding it to this Court, Respondent notified Smith that she would not "file any more documents" in

---

[3] Walker County did lie within the First Court of Appeals District until September 1, 2005. *See* Act of May 1, 2003, 78th Leg., R.S., ch. 44, § 1, 2003 Tex. Gen. Laws 81, 81, *amended by* Act of May 27, 2005, 79th Leg., R.S., ch. 542, § 1, 2005 Tex. Gen. Laws 1466, 1466.

"ANY" of his cases. Respondent committed a clear abuse of discretion by refusing to file Smith's notice of appeal and forward a copy to this Court. *See Smith*, 263 S.W.3d at 95-96.

Any contention that Respondent was authorized to refuse to file Smith's notice of appeal because of the vexatious litigant order would be misplaced. Rather, a party such as Smith may seek appellate review of a court's finding that he is a vexatious litigant. *See, e.g., Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Willms v. Am. Tire Co.*, 190 S.W.3d 796, 799 (Tex. App.—Dallas 2006, pet. denied). And to pursue such an appeal, the party must necessarily be able to file a notice of appeal in the same proceeding in which he has been declared a vexatious litigant. *See* TEX. R. APP. P. 25.1(a).

Any contention that Smith's notice of appeal does not comply with the requirements of the appellate rules is for this Court to determine once that document has been filed by Respondent and forwarded to this Court in the customary manner Respondent and other trial court clerks forward notices of appeal to this Court. *See Smith*, 263 S.W.3d at 95; *Washington*, 7 S.W.3d at 182.

Smith also requests that Respondent be ordered to forward his notice of appeal to a court of appeals in Houston. As stated, however, Walker County (from which Smith's appeal arises) lies within the geographic jurisdiction of this Court rather than the Houston Courts of Appeals. TEX. GOV'T CODE ANN. § 22.201(b), (k), (o) (Vernon Supp. 2008). Accordingly, that request is denied.

We conditionally grant the requested writ in part. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that she has filed Smith's notice of appeal, effective on the date she received it, and is forwarding same to this Court in the customary manner.


                                        FELIPE REYNA
                                        Justice

Before Chief Justice Gray,
        Justice Vance, and
        Justice Reyna
        (Chief Justice Gray dissenting)
Petition conditionally granted
Opinion delivered and filed November 26, 2008
[OT06]