Affirmed as
Modified and Memorandum Opinion filed September 21, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00029-CV



Herman
Anderson, Jr., Appellant 

v.

The City of
Port Arthur, Texas, Lawrence Baker, AND COLUMBUS RIDEAU, Appellees 



On Appeal from
the 58th District Court

Jefferson County, Texas

Trial Court
Cause No. A-181,136



 

MEMORANDUM OPINION 

In February 2009, our appellate record indicated that
because the trial court had not ruled on appellant’s motion to dismiss one
defendant, there was no final judgment from which an appeal could be taken. 
Appellant agreed that the trial court had not ruled on this motion.  Therefore,
this court abated the appeal for further proceedings by the trial court.  As it
turned out, the trial court actually had dismissed the defendant in question,
thereby creating a final and appealable judgment.  Thus, the abatement was
unnecessary.  But, during the abatement, appellant filed a motion to recuse the
presiding judge of the trial court.  The presiding judge of the administrative
judicial district assigned himself to hear the recusal motion.  Appellant
timely objected to that judge under section 74.053(b) of the Government Code. 
However, the administrative judge erroneously concluded that appellant was not
entitled to make such an objection.  As a result, we conclude that the four
orders issued during the abatement period are void.  Included in this
determination is an order in which the trial court purported to change the
judgment.  But because the abatement was unnecessary, further proceedings on
appellant’s motion to recuse are not needed.  Though appellant complains about
the recusal proceedings that occurred during the abatement, appellant has not
assigned error regarding the trial court’s final judgment on December 2, 2008,
which was rendered before the abatement and before appellant filed his motion
to recuse.  Accordingly, we modify the trial court’s judgment by vacating the
order in which the court purported to change the December 2, 2008 judgment, and
we affirm the trial court’s judgment as modified.

Factual and Procedural Background

Appellant/plaintiff Herman Anderson, Jr., at all
material times a non-inmate, pro se litigant, filed suit against appellees/defendants
the City of Port Arthur, Texas (the “City”), Lawrence Baker, and Columbus
Rideau.  In May 2008, the trial court signed an order dismissing with prejudice
all of Anderson’s claims against Baker.  The City filed a plea to the
jurisdiction and motion for summary judgment seeking dismissal of Anderson’s
claims against the City.  Anderson filed a motion to dismiss without prejudice his
claims against Rideau.  On December 2, 2008, the trial court signed an order
dismissing with prejudice all of Anderson’s claims against the City and another
order dismissing without prejudice Anderson’s claims against Rideau.  Thus, on
December 2, 2008, there was a final and appealable judgment.

However, on appeal, the clerk’s record in this court
did not contain the order dismissing Anderson’s claims against Rideau. 
Therefore, on January 22, 2009, this court sent a notice asking Anderson to
show why this court had appellate jurisdiction.  In his response, Anderson
stated incorrectly that the trial court had not yet ruled on his motion to
dismiss his claims against Rideau.  Had Anderson been correct, it would have
meant there was no final judgment.  Based on Anderson’s statement that his
claims against Rideau had not been dismissed, on February 5, 2009, this court
abated the appeal to allow the trial court to take action to make its judgment
final.  

On March 17, 2009, while the case was on abatement
and before the trial court had taken any action, Anderson filed a motion to
recuse the presiding judge of the trial court (“Presiding Judge”).  The Presiding
Judge declined to recuse himself and referred the motion to the presiding judge
of the administrative judicial district (“Administrative Judge”).  The
following week, on March 23, 2009, the Administrative Judge gave notice to the
parties that he had received the referral and had assigned the motion to
himself for a hearing to take place on March 31, 2009.  A few days later, on
March 27, 2009, Anderson filed an objection under section 74.053 of the
Government Code to the Administrative Judge hearing Anderson’s recusal motion. 
Anderson did not appear at the scheduled hearing on the recusal motion. 
Despite Anderson’s objection under section 74.053, the Administrative Judge
denied Anderson’s motion to recuse on March 31, 2009.  

The next week, on April 6, 2009, the Presiding Judge signed
a nunc pro tunc order granting Anderson’s motion to dismiss without prejudice the
claims against Rideau.  On April 14, 2009, Anderson filed a motion to
reconsider the Administrative Judge’s denial of the recusal motion based on,
among other things, Anderson’s objection under section 74.053.  On April 20,
2009, the Administrative Judge signed an order denying Anderson’s
reconsideration motion and indicating, among other things, that he had been
assigned the recusal motion under Texas Rule of Civil Procedure 18a, entitled
“Recusal or Disqualification of Judges,” which does not provide for
objections.  On the same day, the Presiding Judge signed an order denying
Anderson’s request for findings of fact and conclusions of law.  Supplemental
clerk’s records were later filed containing documents relating to the parties’
actions and filings during the abatement period as well as the December 2, 2008
order dismissing Anderson’s claims against Rideau.

            On appeal, appellant asserts a single issue
in which he challenges the Administrative Judge’s denial of his motion to
reconsider.  Notably, appellant has not assigned error regarding the trial
court’s dismissal of his claims against Baker and the City.  

Analysis

Throughout the proceedings in the trial court and on
appeal, Anderson has been representing himself.  Pro
se litigants must comply with the applicable procedural
rules, and we hold them to the same standards that apply to licensed
attorneys.  See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185
(Tex. 1978) (holding that litigants who represent themselves must comply with
procedures established by the rules notwithstanding the fact that they are not
licensed attorneys); Gaffney v. Tex. Dep’t of Crim. J.—Inst’l Div., No.
14-03-00472-CV, 2004 WL 1898488, at *3 n.7 (Tex. App.—Houston [14th Dist.] Aug.
26, 2004, no pet.) (mem. op.) (holding that pro se inmate would be held to the
same standards as licensed attorneys and must comply with all applicable
procedural rules).  

One of the issues Anderson raised in his motion to
reconsider was his objection to the Administrative Judge under section 74.053
of the Government Code.  See Tex.
Gov’t Code Ann. § 74.053 (Vernon 2005).  If a judge is assigned to a
trial court under chapter 74 of the Government Code and a party in a civil case
files a timely objection to the assignment, the judge shall not proceed.  See
id. § 74.053 (a),(b).  Such
an objection must be filed not later than the seventh day after the objecting
party receives actual notice of the assignment or before the date of the first
hearing or trial.  See id. §
74.053 (c).  The record reflects that, as a matter of law, Anderson
timely filed an objection to the Administrative Judge under section 74.053.  See
id.  The record reflects that this was Anderson’s first objection under
section 74.053 in this case.  See id. §
74.053 (b) (except as provided in section 74.053(d), each party is only
entitled to one objection under section 74.053 for that case).  

A party can file an objection under section 74.053 only
to a judge assigned under chapter 74 of the Government Code.  See id. § 74.053 (a); In re Perritt, 992
S.W.2d 444, 446 (Tex. 1999) (per curiam).  In his order denying Anderson’s
motion to reconsider, the Administrative Judge indicated that he concluded he
was not subject to an objection under section 74.053 because he was appointed
under Rule 18a rather than under chapter 74.  See Tex. R. Civ. P. 18a(d) (stating that
“[t]he presiding judge of the administrative judicial
district shall immediately set a hearing before himself or some other judge
designated by him”).  But this proposition already has been considered and
rejected by the Supreme Court of Texas, which has concluded that judges
designated to rule on recusal motions are assigned under chapter 74 of
the Government Code and are subject to objection under section 74.053.  See In
re Perritt, 992 S.W.2d at 446–47; see also Flores v. Banner, 932
S.W.2d 500, 501–02 (Tex. 1996) (per curiam).  Therefore, we conclude that the
Administrative Judge was subject to objection under section 74.053.

Because Anderson filed a timely objection to the
Administrative Judge under section 74.053, disqualification of that judge was
mandatory, and the Administrative Judge should have assigned another judge to
hear Anderson’s recusal motion.  See Tex.
Gov’t Code Ann. § 74.053; Tex. R. Civ. P. 18a(d); In re Perritt,
992 S.W.2d at 446–47; Flores, 932 S.W.2d at 501–02.  Anderson raised
this error in his motion to reconsider and complains of the Administrative
Judge’s denial of this motion on appeal.  Accordingly, to this extent, we
sustain Anderson’s sole issue on appeal.

Because the Administrative Judge erroneously
proceeded despite a timely objection under section 74.053, all of the
Administrative Judge’s orders are void.  See Flores, 932 S.W.2d
at 501–02.  Therefore, the Administrative Judge’s orders denying Anderson’s motion
to recuse and his motion to reconsider are void.  See id.  Almost
certainly, the Presiding Judge was unaware that the order denying Anderson’s
recusal motion was void when the Presiding Judge signed the two orders in April
2009.  Nonetheless, because the Administrative Judge’s orders were void, the Presiding
Judge signed his orders while the recusal motion was pending.  The Presiding
Judge did not state in these orders that there was good cause to act while a
recusal motion was pending;  therefore, the Presiding Judge’s April 2009 orders
are also void.  See Tex. R. Civ.
P. 18a(d) (stating that, except for good cause
stated in the order in which further action is taken, the judge shall make no
further orders and shall take no further action in the case while a recusal
motion is pending); Riga v. Comm’n for Lawyer Discipline, 224 S.W.3d
795, 797–98 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding
that trial court’s order was void because judge signed it while recusal motion
was pending and without stating good cause for the order under Rule 18a(d)); Johnson
v. Pumjani, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no
pet.) (stating that, if a trial court fails to comply with the Rule 18a
procedures for recusal motions, all subsequent orders of the court are void).  

Though not reflected in this court’s record at the
time, and contrary to Anderson’s statements to this court, when this court issued
its abatement order, the trial court already had rendered a final judgment.  Therefore,
the abatement was unnecessary, and there is no need to determine whether the
Presiding Judge should be recused.  Before the parties filed their appellate briefs,
the district court clerk filed supplemental clerk’s records containing the
order reflecting a final judgment on December 2, 2008.  This judgment is
unaffected by Anderson’s recusal motion or by his motion to reconsider, which
are the only subject of his appellate brief, assigned error, and appellate
argument.  Accordingly, we hold that the orders signed by the Administrative
Judge and the orders signed by the Presiding Judge in April 2009, are all void. 
Among the void orders is the April 6, 2009 order, in which the Presiding Judge purported
to change the judgment.  But because Anderson has not assigned error or
presented argument regarding any alleged error in the trial court’s December 2,
2008 judgment, there is no basis for reversing that judgment.  See Tex. R. App. P. 38.1(f);
Texas Nat’l Bank v. Karnes, 717 S.W.2d 901, 903 (Tex. 1986) (holding that
“the court of appeals may not reverse a trial court’s judgment in the absence
of properly assigned error”).  Accordingly, we modify the trial court’s
judgment by vacating the April 6, 2009 order, and we affirm the trial court’s judgment
as modified.

 

            

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices Anderson,
Frost, and Seymore.