NO. 07-11-0139-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 9, 2012

_____

HARVEY BRAMLETT JR. and JASON BLAKENEY,

Appellants

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION, et al.,

Appellees

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 99,017-00-E; HONORABLE DOUGLAS WOODBURN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Harvey Bramlett Jr. and Jason Blakeney, indigent inmates, appeal from the trial court's dismissal of their lawsuit against the Texas Department of Criminal Justice and specified individual employees of the Department (collectively referred to as "the Department"). Though they allege various issues, we need only address one. It pertains to the trial court's execution of the dismissal order several months after the two inmates moved to recuse the trial judge. We reverse and remand.

On November 10, 2010, the district clerk of Potter County received "Plaintiffs['] Verified Motion for Recusal." They alleged therein that the trial judge was subject to recusal because he was a defendant in a separate lawsuit they initiated against him. Nothing of record indicates that the trial judge either denied the motion or forwarded it to the regional presiding judge for disposition. Nor does anyone contend that such was done. Instead, and in apparent response to the Department's motion to dismiss, the trial judge executed a "Final Judgment" dismissing the cause on March 14, 2011.

Once a party files a motion to recuse, the trial court has the obligation to either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear the matter. TEX. R. CIV. P. 18a(c).[1] And, "[e]xcept for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion." *Id.* 18a(d). More importantly, orders issued in contravention of Rule 18a(d) are void. *In re Stearman*, 252 S.W.3d 113, 117 (Tex. App. –Waco 2008, orig. proceeding); *In re A.R.*, 236 S.W.3d 460, 477 (Tex. App.–Dallas 2007, no pet.). Because the trial court did not comply with Rule 18a(c) once the motion to recuse was filed or 18a(d) when issuing its order dismissing the suit (*i.e.* provide good cause for proceeding), the dismissal order was and is void.

Accordingly, we reverse the "Final Judgment" and remand the cause.

Brian Quinn
Chief Justice

---

[1]Because the motion was filed and the dismissal executed before the 2011 changes to Texas Rule of Civil Procedure 18a became effective, we apply the provisions of Rule 18a in existence before the 2011 changes. But, the result would be the same irrespective of which rules were applied.