Larry YANCEY et ux., Appellants,

v.

JACOB STERN & SONS, INC., Appellees.

No. 17104.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 6, 1978.

Mounger, Whittington & Pfeiffer, Stan L. Pfeiffer, Houston, for appellants.

Baker & Botts, William C. Slusser, Randall A. Hopkins, Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from an order entered by the district court on a petition for a bill of review finding a default judgment null

and void and reinstating the case on the docket "as if the default judgment had not been entered". The judgment is an interlocutory order and the appeal will be dismissed.

Larry Yancey and wife, Nancy Yancey, entered suit against Jacob Stern & Sons, Inc., for damages growing out of a automobile collision. The 164th Judicial District Court of Harris County, Texas, rendered a judgment by default in favor of the plaintiffs on September 8, 1975. On October 20, 1975, Jacob Stern & Sons, Inc., filed a petition in the nature of a bill of review in the 157th District Court. The case was transferred to the 164th District Court, and on October 18, 1977, the summary judgment appealed from was entered.

■ The trial court set aside the judgment for the reason that the summary judgment evidence established that the court lacked personal jurisdiction over the corporation. The order is interlocutory on its face. Where an order appealed from is not an appealable final judgment, the reviewing court has no jurisdiction other than to dismiss the appeal. *Dimerling v. Grodhaus,* 152 Tex. 548, 261 S.W.2d 561 (1953).

■ The appellant contends that the allegations of the writ of error are insufficient to invoke the equity jurisdiction of the trial court and that this court should render judgment dismissing the cause. If in fact the trial court lacked jurisdiction over the case, the proper procedure for this court would be to render judgment dismissing the cause. *Martin v. Commercial Standard Fire and Marine Insurance Company,* 505 S.W.2d 799 (Tex.1974).

The point appellant seeks to make is illustrated by the case of *Wear v. McCallum,* 119 Tex. 473, 33 S.W.2d 723 (1930), where the court said:

"The respondent Lyles, joined by respondent Feagin, prayed that 'said judgment be set aside and his motion for new trial or bill of review granted,' etc. The district judge denominates their pleading a bill of review, but acted upon it and treated it as a motion for a new trial. In other words, instead of proceeding to a hearing and determination of the merits of the whole controversy and the rendition of a final judgment in the case, as is the function and purpose of a bill of review, he simply granted a new trial. He entered his order that the judgment theretofore rendered in the case be vacated and held for naught, and the case was reinstated on the docket for trial in the future as in other cases of new trial. For the purpose of granting a new trial his order was void, as the judgment had become final under the law."

The court in *Wear v. McCallum* further held that the pleading was insufficient as a bill of review. The court discussed the necessity for pleading and proving a defense to the cause of action on which the default judgment rested and the necessity for showing that the petitioner was not negligent in failing to seasonably answer to the merits. The court then said:

"This pleading of respondent Lyles . . . goes no further than to seek to reopen and to relitigate the issues tendered by plaintiff's petition in the case, and as a bill of review is wholly insufficient."

The court then granted mandamus to compel the district judge to set aside the order granting the new trial and reinstating the case.

In *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961), Texaco, Inc., was cited by serving a copy of the citation on Warren A. Roach. Texaco failed to appear and a default judgment was rendered. After the judgment had become final, Texaco filed a motion to vacate the judgment on the ground that it was void because citation had not been served on a person designated by law as its agent for service. The motion was granted and an order entered vacating the judgment. The motion did not contain the allegations required to qualify it as a bill of review. The Supreme Court granted a mandamus requiring the district court to set aside the order, and in its opinion stated:

"If the judgment is one which the court had jurisdictional power to render but it is invalid, he may obtain relief by bill of review as provided in Rule 329–b whether the invalidity is or is not disclosed by the papers on file in the case. Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment."

The opinion in *McEwen* was clarified by the Supreme Court in *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974), where the court said that the words "jurisdictional power" as used in *McEwen* meant jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs. The court specifically stated that in *McEwen* that it was not speaking of jurisdiction over the parties. It then held that the district court had jurisdictional power to determine the validity and effectiveness of a waiver of citation executed prior to the institution of the divorce suit in which it was filed. The court held that the order setting aside the judgment was void.

In *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94 (Tex.1973), the Supreme Court said:

"If we held that proof of forwarding was not required to sustain a judgment on writ of error review, the defendant would then be relegated to his remedy by bill of review. This remedy would be less satisfactory than a trial at which he would have an opportunity to present his defenses because, in a bill of review proceeding, our cases say that the defendant would face the initial burden of proving at least that he had a good defense and that he was free from fault in failing to appear. (Citations omitted)."

Again in *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974), the court held that in a bill of review proceedings the petitioner had the burden of showing that his failure to file a motion for new trial or appeal was not due to any fault or negligence on his part or that of his counsel and that the petitioner must show that he has a good defense to the cause of action asserted against him.

In *Harris v. Logue,* 554 S.W.2d 168 (Tex. 1977), the Supreme Court said:

"We disagree with and disapprove of the writing of the Court of Civil Appeals saying that the prior judgment was void 'for want of due process or jurisdiction over necessary parties' and that *Logue* et al. were entitled to have it set aside without showing their meritorious defense. This writing is contrary to opinions of the Court, including *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974) and *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961)."

Thus, the Supreme Court has reaffirmed its holding in *McEwen v. Harrison,* a case involving the question of lack of personal jurisdiction over a defaulting defendant.

■ In its first amended petition for bill of review, petitioner alleged that the citation in the damage suit was served on C. T. Corporation as its registered agent for service. It alleged that it does no business in the State of Texas and has no registered agent for service of process within this State. Petitioner alleged facts which would constitute a defense on the merits of the action. Facts were also alleged which would raise an issue as to its negligence in failing to file an answer. The pleading was sufficient to allow the introduction of testimony to support a finding that after petitioner discovered the fact that judgment had been rendered there was no adequate remedy at law available. The prayer was that the judgment be set aside and that petitioner have its costs of court and "such other and further relief general and herein special, legal and equitable as the court may deem proper." The petition sufficiently alleged a cause of action invoking the equitable jurisdiction of the district court to authorize the court to set aside the default judgment and render judgment on the merits.

Since the petition was sufficient as a bill of review, the trial court's judgment cannot be considered a void order entered after the

court had lost jurisdiction of the damage suit. The judgment is interlocutory, and this court lacks jurisdiction of the appeal.

■ If the judgment of the trial court should be considered a void order granting a new trial, an appeal is not the proper procedural remedy. The remedy is an application for mandamus filed in the Supreme Court. Accordingly, costs of appeal are assessed against the appellants.