John THURSBY, Relator,

v.

Honorable Thomas J. STOVALL, Jr. Judge, Respondent.

No. C–1874.

Supreme Court of Texas.

April 6, 1983.

Hope & Mayes, K. Michael Mayes, Conroe, for relator.

Gilpin, Maynard, Parsons, Pohl & Bennett, Michael A. Pohl, Houston, for respondent.

PER CURIAM.

This is an original mandamus action in which Relator, John Thursby, seeks a writ of mandamus directing Judge Thomas J. Stovall to vacate his order granting a motion to set aside the default judgment obtained by Thursby. The writ is conditionally granted.

Thursby filed a negligence action against three defendants, complaining that he had been injured on the job site and that all three defendants were liable for his injuries. Thursby attempted to serve one of the defendants, Tankard-Smith, Inc., at the address on file with the Secretary of State of its registered agent. Citation was not served, but returned with the notations "date expired" and "wrong address". Therefore, pursuant to Tex.Bus.Corp.Act Ann. art. 2.11, Thursby delivered his petition to the office of the Secretary of State which forwarded it again to the address of the registered agent. The papers were returned with the notation "insufficient address".

On June 24, 1982 Judge Stovall rendered an interlocutory default judgment against Tankard-Smith. Thursby filed a motion to sever his action against Tankard-Smith from the claim against the two other defendants, and on July 15 Judge Stovall rendered an order severing the action. On

September 14, after hearing evidence on damages, Judge Stovall rendered a final default judgment against Tankard-Smith in the amount of $250,000.

On January 14, 1983 Tankard-Smith filed a motion to set aside default judgment with Judge Stovall. On January 28 Judge Stovall entered an order granting the motion, because there was a defect in the service of process.

The applicable rule of civil procedure, Tex.R.Civ.Pro. 329b, provides that on the expiration of thirty days after the judgment is signed, a judgment cannot be set aside by the trial court except by bill of review. In *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961), we conditionally granted a writ of mandamus under a factual setting very similar to this case. There the corporate defendant moved to set aside a default judgment two months after it had become final, and the trial court granted the relief because citation was not served on any person designated as an agent for service. We held that the trial court erred, because the exclusive methods for vacating a default judgment after thirty days from the date of judgment have expired, where the trial court had subject matter jurisdiction, are bill of review or appeal by writ of error. *Accord, Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974).

In this case Tankard-Smith moved to set aside the default judgment three months after it had become final. The motion does not contain the necessary allegations to qualify it as a bill of review. Judge Stovall's granting of the motion to set aside default judgment is in conflict with the holdings in *McEwen v. Harrison, supra,* and *Deen v. Kirk, supra,* and Tex.R.Civ.Pro. 329b. Therefore, without hearing oral argument, we grant the writ of mandamus pursuant to Tex.R.Civ.Pro. 483. If Judge Stovall fails to vacate his order setting aside the default judgment, the writ will issue.