The TEXAS MEXICAN RAILWAY COMPANY, Relator,

v.

The Honorable Jack HUNTER, Respondent.

No. 13–87–046–CV.

Court of Appeals of Texas, Corpus Christi.

March 12, 1987.

Charles M. Jefferson, Robert E. Golden, Smith, Barshop, Stoffer & Millsap, San Antonio, for relator.

A.E. Pletcher, White, Huseman, Pletcher & Powers, Corpus Christi, David R. Miller, Helm, Pletcher, Hogan & Bowen, Houston, for respondent.

Before SEERDEN, UTTER and DORSEY, JJ.

### OPINION

SEERDEN, Justice.

Relator seeks a writ of mandamus ordering the trial court to set aside a Judgment granting a Bill of Review, which reinstated a case previously dismissed for want of prosecution. We deny the writ.

On January 17, 1985, Porfirio Arreguin, Jr., the real party at interest in this case, sued relator in Cause No. 85–254–C in the 94th District Court of Nueces County. In May, 1986, the trial court issued a Notice of Intention to Dismiss the case for want of prosecution, and on June 20, 1986, dismissed it for that reason. On December 15, 1986, Arreguin filed a Petition for Bill of Review, under Cause No. 85–254–C, along with the fee for filing a new lawsuit. A copy of the Petition was sent, along with a Notice of Hearing scheduled for December 19, 1986, to the attorney who had represented relator in 85–254–C, which had been dismissed. On December 17, 1986, that attorney wrote a letter to the court stating that he had reviewed the Petition and Notice and had contacted the Court Coordinator advising that he could not attend the hearing on December 19th. The letter states he was advised no continuance would be granted. The letter then sets out various objections to the procedures being used in connection with the Bill of Review. On December 19, 1986, the trial court conducted the hearing and signed a Judgment Sustaining Plaintiff's Bill of Review, reinstating Arreguin's cause of action on the docket, but under a new number, 86–7297–C. Relator was not present at the hearing on December 19th and, unless the letter described above constitutes an appearance, did not make an appearance at such hearing. Relator now requests a writ of mandamus ordering the trial court to set aside its judgment of December 19, 1986.

■ In a mandamus action the burden is on the relator to establish his legal right to relief and the clear legal duty of the respondent to perform the requested action. *Scott v. Clark*, 696 S.W.2d 34, 36 (Tex.App.—Houston [1st Dist.] 1985). One element which a relator must establish in demonstrating his legal right to the writ is that he has no other adequate legal remedy. *State of Texas v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). Relator has argued before this Court that he has no adequate remedy at law by virtue of appeal. Relator's position that he has no adequate remedy by appeal is predicated on his correct analysis that the trial court's action in sustaining the bill of review, without also deciding the merits of the cause which was reinstated, rendered the action on the bill of review interlocutory. "It is a well-established rule of law in this State that, when a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is not a final judgment from which an appeal will lie." *Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

■ Relator's legal analysis of the facts in this cause is correct concerning the question of the finality of the judgment. Therein also lies his legal remedy. The fact that the bill of review proceeding itself

is interlocutory does not render the entire action in granting the bill of review unappealable. The relator's remedy is by appeal from the entire reinstated cause, when that judgment becomes appealable. Mandamus will not lie to review a ruling which can be reviewed on appeal. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985); *Wike v. Dagget*, 696 S.W.2d 79, 82 (Tex.App.—Houston [14th Dist.] 1985, no writ).

█ Of additional concern is the finality of the trial court's action in granting the bill of review. The record before this Court indicates that on January 13, 1987, a hearing was conducted on relator's motion to set aside the granting of the bill of review. While it was represented to this Court during oral argument that the trial judge orally denied the motion, counsel also acknowledged that no written order has yet been entered in this cause. An order or judgment is not final until it is signed by the trial court. Tex.R.Civ.P. 306a(1).

The application for writ of mandamus is DENIED.