**In re Emilio MORENO and Diana Garay, Relators.**

No. 14–99–00149–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1999.

Peter M. Kelly, Houston, for appellants.

Anthony F. Mercurio, Bellaire, Christopher B. Amandes, Charles L. Berry, Sharon M. Maddox, Kristie M. Tice, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and KEM THOMPSON FROST.

## OPINION

KEM THOMPSON FROST, Justice.

On February 23, 1999, relators, Emilio Moreno and Diana Garay, filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T.CODE ANN. § 22.221 (Vernon 1988 & Supp.1999). Relators contend that the trial court abused its discretion in granting a bill of review filed by the real party in interest, ArChem Start-up Group. Because relators have an adequate remedy by appeal, we deny relators' petition for writ of mandamus.

Generally, mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal issues, when there is no adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Two courts of appeals have held that an erroneously granted bill of review is effectively a void order granting a new trial and

is an abuse of discretion that affords no adequate remedy at law. *See In re National Unity Ins. Co.,* 963 S.W.2d 876, 877 (Tex.App.—San Antonio 1998, orig. proceeding) (citing *Thursby v. Stovall,* 647 S.W.2d 953, 954 (Tex. 1983)); *see also Schnitzius v. Koons,* 813 S.W.2d 213, 218 (Tex.App.—Dallas 1991, orig. proceeding). Here, relators complain that ArChem Start-up Group did not satisfy the requirements for relief by bill of review, and therefore, the trial court erroneously granted the relief. Thus, under the holdings in *National Unity* and *Schnitzius,* relators argue that the court's order granting the bill of review is void and mandamus is appropriate.

■ ArChem Start-up Group, on the other hand, asserts that relators can appeal the granting of a bill of review. The cases on which ArChem Start-up Group relies involve circumstances in which the trial court granted the bill of review and then ruled on the merits of the underlying claim. *See, e.g., Petro–Chemical Transp., Inc. v. Carroll,* 514 S.W.2d 240, 242 (Tex. 1974); *Hanks v. Rosser,* 378 S.W.2d 31, 33 (Tex.1964); *Lambert v. Coachmen Indus.,* 761 S.W.2d 82, 89 (Tex.App.—Houston [14 th Dist.] 1988, writ denied); *Woodard v. Hopperstad Builders, Inc.,* 554 S.W.2d 726, 727 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). In those circumstances, the granting of the bill of review can certainly be reviewed as part of a final, appealable judgment. Here, however, the trial court's order granting the bill of review is interlocutory because the court did not rule on the merits of the underlying claim. *See Jordan v. Jordan,* 907 S.W.2d 471 (Tex.1995) (holding that a bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable). Consequently, relators withdrew their notice of appeal,[1] and under *National Unity* and *Schnitzius,* claim that mandamus is the

only way to review the court's interlocutory order. At least one court of appeals, however, has held that an interlocutory order granting a bill of review may not be reviewed by mandamus, but by appeal of the eventual final judgment in the underlying case. *See Texas Mexican Ry., Co. v. Hunter,* 726 S.W.2d 616, 617–18 (Tex. App.—Corpus Christi 1987, orig. proceeding).

We conclude that *Hunter* is the correct statement of the law. In *National Unity,* the court relied on *Thursby,* which was a pre-*Walker* case. In *Walker,* the Texas Supreme Court reaffirmed the requirement that to obtain relief by extraordinary writ, there must be no adequate remedy at law. *See* 827 S.W.2d at 840–44. In *Thursby,* the court granted mandamus relief from an order granting a motion to vacate a default judgment after concluding that the motion did not contain "the necessary allegations to qualify" as a bill of review. 647 S.W.2d at 954. *Thursby,* however, is not a bill of review case. Further, *Thursby* neither held that the trial court's order was void nor contained any discussion about an adequate remedy. Similarly, in *Schnitzius,* the court relied on *Yancey v. Jacob Stern Sons, Inc.,* 564 S.W.2d 487, (Tex.App.—Houston [1 st Dist.] 1978, no writ), for the proposition that an order granting an insufficient bill of review is effectively a void order granting an untimely motion for new trial. 813 S.W.2d at 218. The *Yancey* court, however, did not find the order void. 564 S.W.2d at 489–90. Rather, in dicta, the *Yancey* court suggested that *if* the order granting the bill of review could be considered a void order granting a new trial, relief would be proper by mandamus. *See id.*

■ In our view, an order erroneously granting a bill of review is merely voidable, not void.[2] "A voidable act is one

---

1. Relators filed a notice of appeal on January 29, 1999, and withdrew the notice on March 1, 1999, after filing this petition for writ of mandamus.

2. ArChem Start-up Group does not argue that the trial court's order granting the bill of review is merely voidable. Instead, it argues that relators must still prove that they have no

which is absolutely void within itself, but which is binding until disaffirmed, and which may be made finally valid by failure within the proper time to have it annulled, or by subsequent ratification or confirmation." *Bayoud v. Bayoud,* 797 S.W.2d 304, 309 (Tex.App.—Dallas 1990, writ denied). " A void act is one entirely null within itself, not binding on either party, and which is not susceptible of ratification or confirmation; its nullity ˙cannot be waived." *Id.*

■ It is well-settled that lack of jurisdiction renders an order void. *See In re Dickason,* 42. S.Ct. J. 41, 987 S.W.2d 570 (Tex.1998) (per curiam) (holding that order granting new trial after court's plenary power expired is void). Texas Rule of Civil Procedure 329b(f), however, specifically authorizes a party to bring a bill of review after the court's plenary power has expired. Rule 329b(f) provides in pertinent part:

> On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause filed within the time allowed by law. . . .

■ Thus, a ruling on a bill of review, unlike a ruling on a motion for new trial, is by the express language of the rule always going to occur after the trial court has lost its plenary jurisdiction. It follows that because the trial court's ruling on a bill of review is appealable after the court denies the bill, or after the court grants the bill and rules on the merits,[3] the court's ruling is "binding until disaffirmed" and thus, merely voidable. Moreover, it makes no difference whether the court rules immediately or at some later time on the merits of the underlying claim. As stated in *Walk-*

er, a remedy is not inadequate merely because it involves more expense or delay. *See* 827 S.W.2d at 842.

Because relators have an adequate remedy by appeal of the eventual final judgment in the underlying case, we deny mandamus relief.

---

adequate remedy at law even for a void order. *See Geary v. Peavy,* 878 S.W.2d 602, 603 (Tex. 1994). This court has consistently held otherwise. *See In re Powers,* 974 S.W.2d 867, 869 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding); *In re Kimball Hill Homes Texas, Inc.,* 969 S.W.2d 522, 524–25 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding); *In re*

*Ford Motor Co.,* 965 S.W.2d 571, 573 (Tex. App.-Houston [14th Dist.] 1997, orig. proceeding); *South Main Bank v. Wittig,* 909 S.W.2d 243, 244 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding).

**3.** *See Petro–Chemical,* 514 S.W.2d at 246.