Opinion issued July 18, 2002

 



 



In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00204-CV






NORMAN STETTNER, Appellant


V.


APOLLO PAINT & BODY SHOP, INC., Appellee






On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 728,953






-----AND-----






NO. 01-02-00667-CV






IN RE NORMAN STETTNER, Realtor






Original Proceeding on Petition for Writ of Mandamus






ORDER ON MOTION FOR REHEARING AND PETITION FOR WRIT OF
MANDAMUS

 

 Relator, Norman Stettner ("Stettner"), seeks a writ of mandamus ordering the
trial court to set aside its January 28, 2002 interlocutory order granting a bill of
review, following a previous dismissal for want of prosecution. Because the trial
court's order granting the bill of review was not a final, appealable order, we
previously dismissed Stettner's appeal for want of jurisdiction. Stettner v. Apollo
Paint & Body Shop, Inc., No. 01-02-00204-CV, (Tex. App.--Houston [1st Dist.] June
20, 2002, no pet. h.) (not designated for publication). 

 Stettner has now filed a "Motion for Rehearing, or in the Alternative, Petition
for Writ of Mandamus." He requests that this Court consider his petition for writ of
mandamus if we deny his motion for rehearing. As noted above, because the trial
court's order granting the bill of review was interlocutory in nature and not a final,
appealable order, we deny Stettner's motion for rehearing. See Tesoro Petroleum v.
Smith, 796 S.W.2d 705, 705 (Tex. 1990). 

 In his petition for writ of mandamus, Stettner complains that the trial court 
improperly granted the bill of review because it lacked subject-matter jurisdiction. 
A writ of mandamus will only issue to correct a clear abuse of discretion or violation 

of a duty imposed by law when there is no adequate remedy by appeal, and the relator
has the burden to present the appellate court with a record sufficient to establish the
right to mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex.1992) (orig.
proceeding). The interlocutory nature of an order granting a bill of review does not
render the granting of the bill of review unappealable, because there is an adequate
remedy by appeal when the judgment of the trial court becomes final. In re Moreno,
4 S.W.3d 278, 280-81(Tex. App.--Houston [14th Dist.]1999, original proceeding)
(citing Texas Mexican Ry., Co. v. Hunter, 726 S.W.2d 616, 617-18 (Tex.
App.--Corpus Christi 1987, orig. proceeding)). Thus, Stettner has an adequate
remedy by appeal. 

 We deny the petition for writ of mandamus. 

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.