Opinion issued June 8, 2006

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00426-CV
  __________
 
IN THE INTEREST OF M.G.
 

 
 
On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 28,666
 

 
 
MEMORANDUM OPINION
           In this child support enforcement case, the Attorney General moved to confirm
Jose Inez Garcia’s child support arrearage. Garcia appeals the trial court’s denial of
his summary judgment. We dismiss for want of jurisdiction.
  
Background
          In August 2004, the Attorney General filed a motion to confirm child support
arrearage asking for a judgment and wage withholding to liquidate the arrearage. 
Garcia filed a general denial and a motion for summary judgment. After the IV-D
associate judge recommended granting the motion for summary judgment, the
Attorney General appealed the recommendation to the referring district court.


 The
district court reversed the recommendation of the associate judge and denied the
motion for summary judgment. Garcia filed a “motion for new trial” seeking a
reconsideration of the district court’s “judgment” denying Garcia’s motion for
summary judgment. 
Jurisdiction
          Garcia appeals from a trial court order denying his summary judgment. Before
considering the merits of the appeal, we first determine the extent of our jurisdiction
over the ruling that Garcia appeals. 
          Appellate courts have jurisdiction to consider appeals of interlocutory orders
only if a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967
S.W.2d 352, 352–53 (Tex. 1998). When a party attempts to appeal a non-appealable
interlocutory order, appellate courts have no jurisdiction except to declare the
interlocutory nature of the order and to dismiss the appeal. Tex. R. App. P. 42.3(a); 
Yancey v. Jacob Stern & Sons, Inc., 564 S.W.2d 487, 488 (Tex. App.—Houston [1st
Dist.] 1978, no writ). 
          The denial of a summary judgment is interlocutory and unappealable unless a
statute specifically authorizes an interlocutory appeal. Novak v. Stevens, 596 S.W.2d
848, 849 (Tex. 1980). Section 51.014 of the Texas Civil Practice and Remedies Code
specifically provides for the appeal of certain interlocutory orders, including one
denying a motion for summary judgment that is based on an assertion of immunity or
arising under the free speech or free press clause of the First Amendment. Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(5), (6) (Vernon Supp. 2005). Garcia’s motion
for summary judgment asserted neither claim.
          Accordingly, we conclude that we lack jurisdiction to reach Garcia’s issues
concerning the trial court’s denial of his motion for summary judgment. 
Conclusion
          We dismiss the appeal for want of jurisdiction.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.