IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00375-CV

 

In
re Jason Spiller

 

 



Original Proceeding

 

 



Opinion



 

Jason Spiller sued Gloria Jean Boon[1],
Jerry Miller, and Glenda Miller.  Spiller sought and obtained a no-answer
default judgment.  A motion for new trial, purportedly filed by both the
Millers and Boon, was denied by operation of law.  Boon filed a petition for
bill of review, which was granted after a hearing.[2] 
Spiller now seeks a writ of mandamus directing Respondent, the Honorable John
Neill, judge of the 18th Judicial District Court of Johnson County, to vacate the
order granting Boon’s bill of review and vacating the default judgment.  We deny
the relief requested.

 

TIMELINESS OF PETITION

 Boon contends that Spiller waived his
right to mandamus relief by filing his petition several months after Respondent’s
order granting the bill of review.

Although mandamus is not an equitable
remedy, its issuance is controlled largely by equitable principles.  In re Int’l Profit Assocs., 274 S.W.3d 672, 676 (Tex. 2009) (orig.
proceeding).  “One
such principle is that ‘equity aids the diligent and not those who slumber on
their rights.’”  Id.  Thus, a petition for mandamus may be denied under
the equitable doctrine of laches if the relator has failed to diligently pursue
the relief sought.  In re Wise, 20 S.W.3d 894, 895 (Tex. App.—Waco
2000, orig. proceeding).  A
party asserting the defense of laches must show both an unreasonable delay by
the mandamus petitioner and harm
resulting from the delay.  In
re Border Steel, Inc., 229 S.W.3d 825, 836 (Tex. App.—El Paso 2007, orig.
proceeding).

Respondent signed the bill of review
final order on May 21, 2009.[3] 
Spiller filed his petition on November 13.  In a letter to this Court, Spiller
explained that this delay results from the length of time taken by the court
reporter to prepare the record.  Spiller sent three letters to the court
reporter: an initial inquiry on April 21, request and payment on May 13, and an
inquiry about the record’s status on July 31.  The record was completed on
September 8 and, according to Spiller, received on September 21.        

Boon argues that we cannot consider
Spiller’s letters to the court reporter because they are not contained in the
appendix, in violation of Rules of Appellate Procedure 52.3(k) and 52.7.  Because such a defect may be corrected,
and given the exigency of a petition for writ of mandamus, we will disregard Spiller’s
failure to comply with Rules 52.3(k) and 52.7(a).  See Tex. R.
App. P. 2;
see also In re Cahill, 267 S.W.3d 104, 106 (Tex.
App.—Corpus Christi 2008, orig. proceeding); Cronen v. Smith, 812 S.W.2d 69, 70 (Tex.
App.—Houston [1st Dist.] 1991, orig. proceeding).

Boon also argues that Spiller failed to justify
the delay because: (1) the court reporter’s responses are not provided; and (2)
Spiller waited weeks to check the record’s status and did not inform the court
reporter that “a mandamus is being filed, that time is of the essence, or even
that a record is needed promptly.”

Absent any response from the court
reporter, the transcript of the hearing itself is dated September 8.  Perhaps
Spiller could have been more diligent, but this is not a case where there is no
explanation for the delay.  See Int’l
Profit Assocs., 274
S.W.3d at 676-77 (Although IPA could have been more diligent, its actions
did “not indicate the type
of delay that forfeits a party’s right to mandamus relief.”); see also Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (Rivercenter waited over four months to
seek mandamus relief, offered no justification for the delay, and showed
no “diligent pursuit of any right”).  Nor has Boon attempted to show that she
suffered any harm as a result of the delay.  See Border Steel, 229 S.W.3d at 836.

Because Spiller has offered a reasonable
justification for the delay in filing his petition, he has not waived his right to mandamus relief.  See Int’l Profit Assocs., 274 S.W.3d at 676; see
also
Wise, 20 S.W.3d at 895; In re Hinterlong,
109 S.W.3d 611, 620-21 (Tex. App.—Fort Worth 2003, orig. proceeding).

 

ADEQUATE REMEDY

To be entitled to mandamus relief,
Spiller must show that he has no adequate remedy by appeal.  See In re Bexar County Criminal Dist.
Attorney's Office,
224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); see also In re Stearman, 252 S.W.3d 113, 115 (Tex.
App.—Waco 2008, orig. proceeding).

Two lines of cases address whether
mandamus relief is available when the trial court grants a bill of review
vacating a prior judgment.  Some courts hold that “[a]n erroneously granted
bill of review is effectively a void order granting a new trial and is an abuse
of discretion that affords no adequate remedy at law.”  In re Nat’l Unity Ins. Co, 963 S.W.2d 876, 877
(Tex. App.—San Antonio 1998, orig.  proceeding); see Schnitzius v. Koons, 813 S.W.2d 213, 218
(Tex. App.—Dallas 1991, orig. proceeding).  Other courts hold that the proper
remedy is “appeal from the entire reinstated cause, when that judgment
becomes appealable.”  Tex. Mexican Ry., Co. v. Hunter, 726 S.W.2d 616, 618
(Tex. App.—Corpus Christi 1987, orig. proceeding); see In re Moreno, 4 S.W.3d 278, 280-81 (Tex.
App.—Houston [14th Dist.] 1999, orig. proceeding); see also Stettner v. Apollo Paint & Body Shop, Inc., No. 01-02-00204-CV, 2002 Tex. App. LEXIS 5102, at *2-3 (Tex.
App.—Houston [1st Dist.] July 18, 2002, orig. proceeding) (not designated for
publication); Ott v. Files, No.
03-00-00612-CV, 2000 Tex. App. LEXIS 7559, at
*1-2 (Tex. App.—Austin Nov. 9, 2000, no pet.) (not designated for
publication).

We agree with the Fourteenth Court’s
conclusion in Moreno that “an
order erroneously granting a bill of review is merely voidable, not void:”

[B]ecause the trial court’s ruling on a
bill of review is appealable after the court denies the bill, or after the
court grants the bill and rules on the merits, the court’s ruling is ‘binding
until disaffirmed’ and thus, merely voidable.    

 

Moreno, 4 S.W.3d
at 280-81; Tex. R. Civ. P. 329b(f).  However, we disagree with the Fourteenth
Court’s finding that Moreno
had an “adequate remedy by
appeal of the eventual final judgment in the underlying case.”  Moreno, 4 S.W.3d
at 281.

Since Moreno, the Texas Supreme
Court has relaxed the standards for establishing an adequate remedy.  Today,
“[t]he adequacy of an appellate remedy must be determined by balancing the
benefits of mandamus review against the detriments.”  In re Team Rocket, L.P., 256 S.W.3d 257, 262 (Tex. 2008)
(orig. proceeding); see In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004)
(orig. proceeding).  In
evaluating benefits and detriments, we consider whether mandamus will: (1)
“preserve important substantive and procedural rights from impairment or loss;”
(2) “‘allow the appellate courts to give needed and helpful direction to the
law that would otherwise prove elusive in appeals from final judgments;’” and
(3) “spare litigants and the public ‘the time and money utterly wasted enduring
eventual reversal of improperly conducted proceedings.’”  Team Rocket, 256 S.W.3d at 262.  “‘[A]n appellate remedy is not
inadequate merely because it may involve more expense or delay than obtaining
an extraordinary writ’…but extraordinary relief can be warranted when a trial
court subjects taxpayers, defendants, and all of the state’s district courts to
meaningless proceedings and trials.”  Id. at 262 (citing Walker v. Packer,
827 S.W.2d 833, 842 (Tex. 1992) and
Prudential, 148 S.W.3d at 137).

[I]nsisting on a wasted trial simply so
that it can be reversed and tried all over again creates the appearance not
that the courts are doing justice, but that they don’t know what they are
doing.  Sitting on our hands while unnecessary costs mount up contributes to
public complaints that the civil justice system is expensive and outmoded.

 

In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 466 (Tex. 2008) (orig. proceeding). 

If Respondent erroneously granted the
bill of review, then Spiller is entitled to a default judgment against Boon
without the necessity of a meaningless trial.  Absent mandamus relief, he loses
his right to a default judgment.  See Tex. R.
Civ. P. 239.
 Thus, a conclusion that Spiller has an
adequate remedy by appeal after final judgment would impair Spiller’s procedural
rights and require the parties to participate in a “wasted trial simply so that
it can be reversed and tried all over again.”  McAllen Med. Ctr., 275 S.W.3d at 466.  After balancing the benefits and the
detriments, we conclude
that Spiller does not have an adequate remedy by appeal.  See Team Rocket,
256 S.W.3d at 262; see
also Prudential, 148 S.W.3d at 136.  Mandamus
relief is the proper remedy in this case.  

ABUSE OF DISCRETION

            In two issues, Spiller
argues that Respondent abused its discretion by finding that Boon: (1)
“conclusively prove[d] non-service of process upon the named GLORIA BOONE;” and
(2) did not participate in the motion for new trial.  See Bexar County, 224 S.W.3d at 185
(abuse of discretion standard); see also Stearman, 252 S.W.3d at 115
(same).  

Non-Service of Process

In issue one, Spiller
argues that Boon failed to establish non-service of process because her
testimony denying service is uncorroborated.  

 “[S]trict compliance with the rules for
service of citation [must] affirmatively appear on the record in order for a
default judgment to withstand direct attack.”  Primate Constr. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  “There are no presumptions in favor of
valid issuance, service, and return of citation.”  Id.  “The
return of service is not a trivial, formulaic document,” but is “prima facie
evidence of the facts recited therein.”  Id.  “The recitations in the
return of service carry so much weight that they cannot be rebutted by the
uncorroborated proof of the moving party.”  Id.

The prohibition against considering the
challenger’s evidence applies only if the evidence does not rise above mere
denial of service, or mere denial of service buttressed only by the serving
officer’s inability to remember serving that particular party.  The test of the
evidence, from whatever source, is whether it demonstrates independent facts
and circumstances that support, and thus corroborate, the challenger’s claim.

 

Min v. Avila, 991 S.W.2d 495, 503 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).


The officer’s return, signed by Deputy
Richard Tackett, states that Boon was personally served at 10:05 a.m. on August
18.  Boon testified that she was not personally served on this date and no
citation was affixed to her door.  She found a citation, signed by Tackett and
dated August 19, in her mailbox.  Boon wrote on the citation: “Found in
mail box open faced - no envelope.”  Tackett did not testify.

Boon faxed the citation and petition to
Dottie Melko at Germania Insurance.  Melko sent a letter to Spiller’s counsel
stating that the petition was left in Boon’s mailbox, which is “hardly proper
service,” requesting proper service of the suit, and informing counsel that
Germania did not accept service for its insureds.  Counsel provided Melko with
a copy of the petition and order for substituted service.  Boon testified that
she was not thereafter served and never authorized Germania to accept service
for her.  She was unaware that Melko asked for an extension to file an answer.

Boon argues that her handwritten
notation on the citation and Melko’s letter corroborate her testimony.  Spiller
contends that this evidence is insufficient corroboration because Boon is the
source of the information.  See Davis
v. Davis, 521 S.W.2d
952, 954 (Tex. Civ. App.—Forth Worth 1975, no writ) (“There should be at least two witnesses or
one witness with strong corroborative facts and circumstances proceeding from a
source other than the witness.”);
see also Garza v. Phil Watkins, P.C., No. 04-07-00848-CV, 2009 Tex. App. LEXIS 1588, at *6-8 (Tex.
App.—San Antonio Mar. 4, 2009, no pet.) (mem. op.) (Garza and his wife
testified to an absence of service, but process
server gave detailed information regarding service on Garza).

Boon’s delivery of the citation and
petition to Melko is some evidence supporting her contention that she was not
served.  See Ward
v. Nava, 488 S.W.2d 736,
737-38 (Tex. 1972) (Declining to disturb trial court’s finding to the contrary,
but concluding: “The actions
of Ward in searching for the papers and in promptly taking the papers to the
insurance agent on their discovery constitute some corroborating evidence of
Ward’s contention that he had not been served.”).  Additionally, corroborating
evidence need not be direct, but may be circumstantial.  See Sanders v. Harder, 227 S.W.2d 206, 209, 148 Tex.
593 (1950); see also Min, 991 S.W.2d at 501.  The record contains such evidence.  

For instance, the record contains two
citations signed by Tackett, each with a different date.  Constable Bill Pearce
identified Tackett’s initials on the citation found in Boon’s mailbox.  Both
citations incorrectly name “Gloria Boone,” not “Gloria Jean Boon.”  See Medeles v. Nunez, 923 S.W.2d 659, 662 (Tex. App.—Houston
[1st Dist.] 1996, writ denied), overruled on other grounds by Barker
CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792-93  (Tex. App.—Houston [1st Dist.] 1999, no
pet.) (Citation defective, in part, because it named “‘Maria Mendeles’ (not Maria Medeles) as
the defendant”).  Respondent authorized service by leaving a copy of the
citation and the petition with anyone over the age of sixteen at 7324 W. FM 916
or by affixing the citation and petition to the front door at 12547 CR 117.  Tackett’s
return states that service was accomplished “in person,” but the document
attached to the citation states: “RETURNED[] COURTS.  REQ 106 ADDRESS VERIFIED REC’D
OK TO HANG 08-01-2008.”  Not only is this inconsistent, but the manner of
service alleged in the return does not comport with that authorized by
Respondent’s order.  See Dolly
v. Aethos Commc’n. Sys., Inc.,
10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.).

The citations for Glenda and Jerry list
the Rio Vista address and state that service was achieved on August 18 at 9:05
a.m., one hour before Boon was allegedly served at the 12547 CR 117 address. 
Both Glenda and Jerry testified that they were not personally served on this
date and were not even home at 9:00 a.m. on the 18th.  Glenda and Jerry both testified
that they were never served any papers on Boon’s behalf and never found any
papers affixed to the front door of their residence.

            Moreover, Pearce testified
that Tackett quit work a few days after August 18.  Deputy Constable Lou Corwin
testified that she had to retrieve Tackett’s official vehicle and conduct a
welfare check at his home.  Corwin found several unserved and served documents
in the vehicle.  Laura Summey, a clerk for Constable Pearce, testified that
Tackett dropped off several such documents at her home.  Corwin testified that
she notarized Tackett’s affidavit, but he had attempted to write, not print,
his signature.

Spiller contends that this evidence does
not affect Boon’s service because Pearce and Summey received no complaints
regarding unserved documents in Tackett’s possession or documents he claimed to
have served, Corwin testified that Tackett was aware of the proper procedures
regarding completion of documents, and Pearce testified that he had no reason
to doubt the veracity of the return.  However, Tackett’s behavior in the days
following the alleged service of Boon raises questions regarding Tackett’s credibility,
and thus, the veracity of the return.  See Min, 991 S.W.2d
at 503 (Officer’s testimony raised questions regarding proper service of other
papers).

Whether Boon was served with citation is
at least within the zone of reasonable disagreement.  See Sanders, 227 S.W.2d at 209 (Despite officer’s
return and deputy’s testimony claiming service, various circumstances “while not as strong as might be desired,
[] constitute[d] some competent evidence corroborating the testimony of the
petitioners [denying service].”).  Respondent did not abuse his discretion by
finding that Boon conclusively proved non-service of process.

Motion for New Trial

In issue two, Spiller argues that Boon participated
in the filing of the motion for new trial and failed to exhaust her legal remedies.

Traditionally, a bill of review requires
proof of three elements: (1) a meritorious defense, (2) that was not asserted
due to fraud, accident, or wrongful act of an opponent or official mistake, (3)
unmixed with any fault or negligence by the movant.  Ross v. Nat’l Ctr. for the Employment of
the Disabled, 197
S.W.3d 795, 797 (Tex. 2006).  However, “a
defendant who is not served with process is entitled to a bill of
review without a further showing, because the Constitution discharges the
first element, and lack of service establishes the second and third.”  Id.
 “A party who becomes aware of the proceedings without proper service of
process has no duty to participate in them.”  Id. (quoting Caldwell
v. Barnes, 154 S.W.3d 93, 97 n.1 (Tex. 2004)). 
“While diligence is required from properly served parties or those who have
appeared…those not properly served have no duty to act, diligently or
otherwise.”  Id. at 798.

Boon was not required to file a motion
for new trial before seeking a bill of review.  See Ross, 197 S.W.3d at 797.  Nevertheless, Spiller contends that a
motion for new trial and supporting affidavit were filed on Boon’s behalf.

When she discovered the default
judgment, Boon contacted Glenda and told her to “take care of it.”  She also
contacted Glenda’s attorney, Josh Turman.  Boon testified that a motion for new
trial may have been mentioned, but that Turman was not her attorney and she had
no “specific knowledge” of how he planned to remedy the situation.  She had no
knowledge of the status of the case until she received a notice for post-trial
deposition.  Boon did not recall signing an affidavit, receiving an affidavit
from Turman, or signing an affidavit in Turman’s office.  She testified that
the signature on her alleged affidavit was not her signature and she did not
know whose signature it was.  She did not recall authorizing anyone to sign the
affidavit on her behalf.

Glenda testified that she signed the
affidavit, believing that she had Boon’s permission because Boon wanted her to
“take care of it.”  She knew that Turman was filing the motion for new trial on
Boon’s behalf, but she never directly told Boon that an affidavit would be
filed on her behalf and was not certain that she told Boon about the motion for
new trial.  She further testified that Turman was not Boon’s attorney.  

Spiller contends that Boon and Glenda
established an agency relationship whereby Glenda “took affirmative steps to
seek relief from the default judgment,” including “”hiring of counsel to
prepare and present the motion, the preparation of an affidavit on behalf of
Ms. Boon, and signing the affidavit of Ms. Boon.”

However, both Boon and Glenda testified
that Turman was not Boon’s attorney and that Boon was unaware that a motion or
affidavit would be filed on her behalf.  Even assuming that Glenda was
authorized to act as Boon’s agent, “[a] statement signed on behalf of the
affiant…is not a valid affidavit even if the affiant expressly authorizes
the signature.”  De Los
Santos v. Sw. Tex. Methodist Hosp.,
802 S.W.2d 749, 755 (Tex. App.—San Antonio 1990), overruled on other grounds
by Lewis v. Blake, 876 S.W.2d 314 (Tex. 1994); see Tex. Gov’t Code Ann. § 312.011(1)
(Vernon 2005) (An
“affidavit” is a “statement in writing of a fact or facts signed by the
party making it, sworn to before an officer authorized to administer oaths,
and officially certified to by the officer under his seal of office.”); see also Hatcher v. TDCJ-Inst’l Div.,
232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied) (“An affidavit must be signed by the
affiant for such an instrument to have any effect.”).  Boon’s affidavit was invalid because she did not personally
sign the affidavit in the presence of the notary.  See De Los Santos, 802 S.W.2d at 755; see also Hatcher,
232 S.W.3d at 925.

Nor was Boon required to file a notice
of appeal.  Having established non-service of process, she was not required to
exhaust all legal remedies.[4] 
See Cash v.
Beaumont Dealers Auto Auction, Inc.,
275 S.W.3d 915, 919 (Tex. App.—Beaumont 2009, no pet.) (notice of appeal); see
also Ross, 197 S.W.3d at 797 (motion for new trial); Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004)
(restricted appeal).

In summary, whether Boon participated in
the motion for new trial is at least within the zone of reasonable
disagreement.  Respondent did not abuse his discretion by finding that Boon did
not so participate.

CONCLUSION

            Because Spiller has not
established his right to mandamus relief, we deny his petition for writ of
mandamus.

 

FELIPE REYNA

Justice

Before
Chief Justice Gray

Justice Reyna, and

Justice Davis 

(Chief Justice Gray dissenting with
note)*

Writ
denied 

Opinion
delivered and filed January 13, 2010

[OT06]

*           (Chief
Justice Gray would deny the petition for writ of mandamus without an opinion. 
A separate opinion will not issue.  He notes, however, that once the Court
determined, as he had when it was first filed, that the petition should be
denied, there would be no wasted trial and thus there is adequate relief by
appeal notwithstanding the “relaxing” of this factor when balanced with cost. 
The Court simply engages in giving Spiller the bad news now rather than
overruling an issue if Spiller must appeal later.  Chief Justice Gray joins no
part of the opinion.)









[1]
              The petition and
citation both name “Gloria Boone.”

 





[2]
              This proceeding was
filed under a new cause number. 

 





[3]               Respondent orally granted
Boon’s bill of review at the conclusion of a hearing on April 8, 2009.





[4]               Spiller cites several
cases for the proposition that Boon must exhaust legal remedies even when
alleging non-service.  See In
re Botello, No. 04-08-00562-CV, 2008 Tex. App. LEXIS 8875, at
*10-11 (Tex. App.—San Antonio Nov. 26, 2008, orig. proceeding) (mem. op.);
see also In the Interest of A.G.G., 267 S.W.3d
165, 168-69 (Tex. App.—San Antonio 2008, pet. denied); Morgan v.
Bracken, No. 05-03-01813-CV,
2004 Tex. App. LEXIS
11112, at *3-4 (Tex. App.—Dallas Dec. 10, 2004, no pet.) (mem. op.); Ledbetter
v. State, No.
02-03-00058-CV, 2004 Tex.
App. LEXIS 7295, at *2-7 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem.
op.); Nguyen v. Intertex, Inc., 93 S.W.3d 288, 294-95 (Tex. App.—Houston
[14th Dist.] 2002, no pet.); Brooks v. Assoc. Fin. Servs. Corp., 892
S.W.2d 91, 94 (Tex. App.—Houston [14th Dist.] 1994, no writ).  The
Texas Supreme Court, however, has made clear that this is not the case when a
party proves non-service of process.  See Ross v. Nat’l
Ctr. for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex.
2006).