Opinion issued April 9, 2013.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00615-CV

## NO. 01-12-00976-CV

———————————

**PATRICK O'CONNOR & ASSOCIATES, L.P. AND GULF APARTMENT INVESTORS, L.P., Appellants**

**V.**

**WANG INVESTMENT NETWORKS, INC., Appellee**

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1006809

*and*

## IN RE PATRICK O'CONNOR & ASSOCIATES, L.P. AND GULF APARTMENT INVESTORS, L.P., Relators

**Original Proceeding on Petition for Writ of Mandamus**

### MEMORANDUM OPINION

In this interlocutory appeal and companion petition for writ of mandamus, Patrick O'Connor & Associates, L.P. and Gulf Apartment Investors, L.P. challenge the trial court's order granting Wang Investment Networks, Inc.'s petition for bill of review and setting aside the no-answer default judgment against Wang. We hold that we lack jurisdiction over the appeal, and we deny the petition for writ of mandamus.

### Background

The underlying lawsuit regards the property-tax reduction services provided by Patrick O'Connor & Associates (the "Firm") for Wang's commercial property in Downtown Houston. The Firm alleges that Wang owes more than $64,000 in contingent fees due to the Firm's success in reducing Wang's property-tax value; Wang alleges that it only agreed to a $13,000 flat fee for the Firm's services.

The Firm filed suit to recover the amount allegedly owed by Wang. Because Wang failed to answer the lawsuit, the trial court rendered a default judgment in

the Firm's favor. The Firm then obtained a writ of execution on the judgment, and the Harris County Constable conducted a constable's sale of the property. At the constable's sale, Gulf Apartment Investors—a company having the same principal place of business and registered address as the Firm but over which the Firm claims not to exercise control or have an ownership interest—purchased Wang's property for around $11,000. According to Wang, the fair market value of the property was $8 million.

After the constable's sale, Wang petitioned the trial court for a bill of review on the ground that the Firm failed to properly serve Wang. The trial court granted Wang's bill of review, set aside the default judgment, vacated and declared void all abstracts of judgment and writs of execution, and ordered the parties to revert to their original status as plaintiff and defendant on the Firm's claim for unpaid fees. The Firm filed a motion for new trial, which the trial court denied.

The Firm now seeks either appellate or mandamus relief from the trial court's order granting the bill of review.

**Analysis**

It is a well-established rule in Texas that if a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is interlocutory in nature and not a final judgment from which an appeal will lie. *See Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam); *Shahbaz v.*

3

*Feizy Import & Export Co.*, 827 S.W.2d 63, 64 (Tex. App.—Houston [1st Dist.] 1992, no writ). Because the trial court's order does not purport to dispose of the claims between the parties, we dismiss the Firm's interlocutory appeal for lack of jurisdiction. *See Jordan v. Jordan*, 907 S.W.2d 471, 471 (Tex. 1995) (per curiam) (concluding that court of appeals lacked jurisdiction to review order setting aside prior judgment on petition for bill of review but not disposing of case on merits).

We turn to the Firm's request for mandamus relief. Simply because an interlocutory order is not appealable does not mean that mandamus will lie to review it. "As a general rule, mandamus does not lie to correct incidental trial court rulings when there is a remedy by appeal." *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Certainly, the granting of a bill of review can be reviewed as part of a final, appealable judgment. "[T]he mere cost and delay of pursuing an appeal will not, in themselves, render appeal an inadequate alternative to mandamus review." *Entergy*, 142 S.W.3d at 321. Nonetheless, "incidental trial court rulings can be corrected by writ of mandamus" when "special, unique circumstances mandate[ ] [an appellate court's] intervention." *Id.*; *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135−36 (Tex. 2004) (orig. proceeding). What constitutes such special and unique circumstances is determined by a "careful balance of jurisprudential considerations" that seeks to answer

4

whether "any benefits to mandamus review are outweighed by the detriments"―for example, in "exceptional cases" in which mandamus review is needed to (1) "preserve important substantive and procedural rights from impairment or loss," (2) "allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments," or (3) "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Prudential*, 148 S.W.3d at 136.

As the Firm points out, there is a split of authority among the courts of appeals as to whether mandamus will lie to review the interlocutory granting of a bill of review. *Compare In re Pollo Gordo, Inc.*, 373 S.W.3d 107, 109−10 (Tex. App.—San Antonio 2012, orig. proceeding) (holding that mandamus will lie to review interlocutory grant of bill of review), *In re Spiller*, 303 S.W.3d 426, 431 (Tex. App.—Waco 2010, orig. proceeding) (same), *and Schnitzius v. Koons*, 813 S.W.2d 213, 218 (Tex. App.—Dallas 1991, orig. proceeding) (same), *with In re Moreno*, 4 S.W.3d 278, 281 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (holding that mandamus will not lie to review interlocutory grant of bill of review), *Tex. Mex. Ry. Co. v. Hunter*, 726 S.W.2d 616, 617−18 (Tex. App.—Corpus Christi 1987, orig. proceeding) (same), *Stettner v. Apollo Paint & Body Shop, Inc.*, Nos. 01-02-00667-CV & 01-02-00204-CV, 2002 WL 1586282, at

5

*1 (Tex. App.—Houston [1st Dist.] July 18, 2002, orig. proceeding, no pet.) (combined mandamus and appeal) (not designated for publication) (same); *Ott v. Files*, No. 03-00-00612-CV, 2000 WL 1675737, at *1 (Tex. App.—Austin Nov. 9, 2000, no pet.) (not designated for publication) (same, in dictum). However, the general rule stated by both this Court and our sister court in Houston is that an interlocutory order granting a bill of review may not be reviewed by mandamus, but by appeal of the eventual final judgment in the case. *See Moreno*, 4 S.W.3d at 281; *Stettner*, 2002 WL 1586282, at *1 (denying mandamus relief on the ground that "[t]he interlocutory nature of an order granting a bill of review does not render the granting of the bill of review unappealable[ ] because there is an adequate remedy by appeal when the judgment of the trial court becomes final. Thus, [relator] has an adequate remedy by appeal.").

This Court has recognized only one exception to the general rule that the interlocutory grant of a bill of review is not subject to mandamus review. In the context of a paternity suit in which genetic testing was ordered before retrial in a bill of review proceeding, the Court determined that the parameters of what constitutes an inadequate remedy by appeal were satisfied. *See In re Office of Atty. Gen.*, 276 S.W.3d 611, 621 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). The Court reasoned, "[O]nce the [paternity] test results are divulged, the information they contain cannot be retracted, any resulting harm to the child

6

may be irreparable. The benefits to mandamus review in this context thus outweigh the detriments." *Id.* at 622.

Clearly, this is not a paternity suit in which genetic testing has been ordered. The Firm has not alleged any special or unique circumstance beyond the mere expense and delay of trial that justifies this Court's intervention in the trial court proceedings. Nor has the Firm alleged that important substantive or procedural rights will be lost absent this Court's intervention or that this case involves an area of law in which the guidance of an appellate court is needed. In the absence of such allegations or briefing establishing that the benefits of mandamus review outweigh its detriments, we follow our precedent and our sister court's precedent and hold that mandamus will not lie because the Firm has an adequate remedy by appeal of the eventual final judgment in the underlying case. *See Stettner*, 2002 WL 1586282, at *1; *Moreno*, 4 S.W.3d at 281.

## Conclusion

Because an order granting a bill of review is not one for which we have interlocutory jurisdiction, we dismiss the interlocutory appeal. We deny the mandamus petition because the Firm has an adequate remedy at law.

7

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.